SARAH A. KING *et al.*, *Appellees*, v. THE MODERN WOODMEN OF AMERICA, *Appellant*.

No. 16,449.

FRATERNAL INSURANCE—*Age of Applicant—Representations—Findings*. Where a fraternal insurance society refused to pay a death benefit on the ground that the deceased had misrepresented his age in his application for membership, a finding that his age was correctly stated in the application held conclusive on review.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed April 9, 1910. Affirmed.

*Truman Plantz, George G. Perrin*, and *Banks & Bertenshaw*, for the appellant.

*C. W. Shinn*, and *Alvin V. Sharpe*, for the appellees.

*Per Curiam:* Sarah A. King, widow, and William E. King, son of Jeremiah King, deceased, commenced this action against the Modern Woodmen of America, to

recover the sum of $2000 due them as beneficiaries under a certificate issued by the defendant to Jeremiah King, April 30, 1895. The certificate was made payable to the wife and son of Jeremiah King, in the sum of $1000 each. When Jeremiah King joined the society he made application in writing, which contained the following provision:

"I do hereby consent and agree that this application and the laws of the order shall form the sole basis of my admission to and membership in this order, and of the benefit certificate to be issued to me by this· order on this application, . . . and that any untrue or fraudulent statement or answer or any concealment of facts, intentional or otherwise, in this application, shall forfeit the rights of myself and my beneficiaries to all benefits and privileges therein or arising therefrom.

"Give date of birth. Ans. June 22, 1850."

On January 30, 1906, Jeremiah King died at Cherryvale, Kan., at which time he was a member in good standing of Ozark Camp No. 3585 of the Modern Woodmen of America, located at Liberal, Barton county, Missouri. Proofs of death were duly made to the order, but· payment was refused for the reason that the age of the deceased was falsely stated in the application. The proof of death stated that the deceased was born June 22, 1849. If born in 1849 his age when he became a member was such as to make him ineligible to membership, as he had passed the age limit. It was therefore claimed that the camp was deceived by the statement made, and under the provisions of the application above stated the certificate was void. The plaintiffs claimed that the age given by the deceased was true, and that the date of his birth given in the proof of death was a mistake. Upon the trial the question of age was directly placed in issue, and was the only question in controversy. The evidence upon this question was submitted to a jury, and the

23—82 KAN.

verdict was in favor of the plaintiffs. The defendant brings the case here by appeal.

The evidence was conflicting, and much of it was necessarily statements of family history and hearsay. Objections were made to the introduction of some of the evidence, which were overruled. After a careful examination of the abstract, we conclude that the question of fact was properly submitted to the jury, and their findings, after approval by the court, are conclusive here. We are unable to say that any material error was committed by the court in the presentation of the case to the jury. The conclusion reached seems to be fair and just. The judgment is affirmed.